UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

KENNETH RICKENBACKER f/k/a
Kenneth Rickenbocker,

                              Plaintiff,

   v.                                                   9:19-CV-0894
                                                               (GLS/CFH)

DEPARTMENT OF CORRECTIONS AND
COMMUNITY SUPERVISION et al.,

                              Defendants.
_____

APPEARANCES:

KENNETH RICKENBACKER
17-R-1634
Plaintiff, pro se
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

GARY L. SHARPE
Senior United States District Judge

**ORDER**

Plaintiff Kenneth Rickenbacker commenced this action by filing a pro se Complaint, together with an application to proceed in forma pauperis. Dkt. No. 1 ("Compl."), Dkt. No. 8 ("IFP Application"). By Decision and Order filed September 5, 2019, (the "September Order"), Plaintiff's IFP application was granted, but following review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2)(b) and 28 U.S.C. § 1915A(b), the Court found that the Complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 13. In light of his pro se status, Plaintiff was afforded an opportunity to submit an amended complaint. *Id*. at 9-10. Instead of submitting an amended complaint,

Plaintiff submitted a one-page letter with six pages of exhibits including medical records. Dkt. No. 18. There is no caption and no defendants are named.

Once accepted for filing, an amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). Thus, an amended complaint must be a complete, fully integrated pleading that will supersede the original complaint. The Local Rules of Practice of this District provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* N.Y.N.D. L.R. 7.1(a)(4). The Rules further state that "no portion of the prior pleading shall be incorporated into the . . . amended pleading by reference." *Id.* One of the purposes of the requirement that an amended complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, No. 9:95-CV-1126, 1999 WL 34998130, at *1 (N.D.N.Y. Sept. 28, 1999). Simply stated, an amended complaint must include all of the allegations against each of the defendants against whom the case is going forward so that the amended complaint may stand alone as the sole pleading in the action.

Plaintiff's submission does not comply with the September Order. In light of Plaintiff's good faith effort to comply with the prior Order, the Court will provide Plaintiff with one final

opportunity to comply with the September Order.

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that, if Plaintiff wishes to proceed with this action he must file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order; and it is further

**ORDERED** that, upon the filing of an amended complaint as directed above, the Clerk shall return the file to the Court for further review; and it is further

**ORDERED** that, in the event Plaintiff fails to file an amended complaint **within thirty (30) days** of the filing date of this Decision and Order, the Clerk shall, without further order of the Court, enter judgment indicating that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) due to Plaintiff's failure to state a claim upon which relief can be granted and his failure to comply with the terms of September Order and this Decision and Order; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules of Practice.

**IT IS SO ORDERED.**

November 13, 2019
Albany, New York

Gary L. Sharpe
U.S. District Judge